**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

—————————————————————————
                                                        )
HORACE LEE                                              )
DESHON TAYLOR,                                          )
and all others similarly situated,                      )
                                                        )
                          Plaintiffs,                   )
                                                        )          **JURY DEMANDED**
                   v.                                   )
                                                        )
GAB TELECOM, INC.,                                      )
                                                        )
                          Defendant                     )
—————————————————————————)

**COLLECTIVE and CLASS ACTION COMPLAINT AND JURY DEMAND**

I.      **INTRODUCTION.**

        1.      This is a collective action brought on behalf of individuals who perform or have

performed telecommunications installation services in residences and businesses for GAB

Telecom, Inc. ("GAB") throughout the state of Michigan and who are classified as independent

contractors.    GAB contracts with WOW, a company that provides telecommunications

installation services through GAB.  GAB controls the manner in which these services are

performed and benefits from the performance of these services.  The individuals who perform

these services, on whose behalf this collective and classaction is brought, are improperly

classified as independent contractors and are thus denied the protections of state and federal

wage and hour laws.

        2.      The Plaintiffs bring claims on behalf of a class of similarly situated individuals

(the "cable installation technicians" or "technicians") who have performed telecommunications

installation services and have been misclassified as independent contractors for GAB throughout

1

the state of Michigan who may opt-in to this case under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. GAB has violated the FLSA by failing to pay these individuals time and one-half their regular rate for hours worked greater than 40 hours per week.

3.     The named Plaintiffs also bring this action on behalf of a Rule 23 class of others similarly situated, including all individuals in the state of Michigan who provided telecommunications installation services for Defendant GAB and who, during the past six years, were subject to "back charges," which are automatic deductions from their paycheck for alleged violations of company policy and/or failure to comply with GAB specifications during an installation.

## II.     JURISDICTION AND VENUE.

4.     This Court has general federal question jurisdiction pursuant to 28 U.S.C. §1331, because Plaintiffs have brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in this court because Defendants have obligated themselves to the plaintiffs within Michigan, and have specifically chosen to maintain a corporate presence within, and substantial contacts with, the state of Michigan.

## III.     PARTIES.

6.     Plaintiff Horace Lee is an adult resident of Redford, Michigan, who provided telecommunications installation services for Defendant GAB from approximately 2008 to March of 2012.

2

7.     Plaintiff Deshon Taylor is an adult resident of Detroit, Michigan, who provided telecommunications installations services for Defendant GAB on two occasions, most recently from 2009 until March of 2011.

8.     The named Plaintiffs bring this action on their own behalf and on behalf of others similarly situated, including all individuals in the state of Michigan who may choose to opt-in to this action who have provided telecommunications installation services for Defendant GAB, and who were classified as independent contractors, and thus denied overtime pay for hours worked greater than forty (40) hours per week.  Similarly situated individuals may also choose to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b). The Defendant, GAB Telecom, Inc. ("GAB") is a company having a principal place of business in Madison Heights, Michigan, which provides telecommunications services to businesses and individuals, and which serves as a subcontractor for national cable services companies such as WOW.

9.     On information and belief, GAB relies on cable services companies such as WOW, for the majority of its cable installation business, and hires individuals it classifies as "independent contractors" whose sole job responsibilities are to install cable in businesses and residences on behalf of these cable services companies and GAB.

## IV.     STATEMENT OF FACTS.

10.     Defendant GAB hires individuals to perform cable installation services.  The individuals it hires to perform these services include the named plaintiffs.  These cable installation technicians are classified as "independent contractors."

11.     Defendant GAB provides the services of its cable installation technicians on behalf of several cable service providers, including WOW (the "cable companies").  These

technicians who work for GAB perform cable installation services on behalf of GAB and on behalf of cable companies which contract with GAB to provide services to their clients.

12.     These technicians perform work on behalf of GAB as "independent contractors." They are hired and paid by Defendant GAB., and they are directed in how to perform their services by employees who work for GAB, and they are required to report to GAB offices to receive work orders.

13.     While Defendant classifies these technicians as "independent contractors," the nature of the services they perform, and the manner in which they perform these services, make it clear that they are actually employees.  Defendant is in complete control of the manner in which these cable installation technicians perform their services.

14.     The Plaintiffs are entirely dependent upon the Defendants for their business, as they may only install telecommunications services for customers of GAB.  In fact, installers would be fired if they solicited additional work.

15.     Each morning, the technicians hired by Defendant GAB are required to report at 7:00 am to a facility owned and operated by Defendant GAB.  Once they arrive at this warehouse, GAB employees provide them with work orders that include installation assignments.

16.     The work orders these technicians are provided with instruct them as to what businesses and residences they will be working at that day and what services they will be providing at these businesses and residences.  The technicians are informed by GAB supervisors as to the time period in which the jobs described in the work orders must be performed.

17.     On information and belief, these work orders are produced by Defendant GAB, based upon communications between Defendant GAB, WOW, and their customers.

18.     Relying on the information provided in these work orders, the cable installation technicians go to residences and businesses that have contracted with cable companies that use GAB for telecommunications services.  The technicians provide various services such as: (1) installing cable television service, (2) installing broadband internet service, and (3) installing telephone service.

19.     On information and belief, the customers at whose homes and businesses these cable installation technicians perform services pay WOW directly for all of these services.  The cable installation technicians do not, and cannot, negotiate with these customers regarding the services provided or the payment for these services.

20.     The cable installation technicians only install equipment provided by GAB.  The technicians also wear uniforms on which the WOW logo is printed and use vehicles on which the WOW logo is affixed.

21.     Some technicians drive their own vehicles, which must meet GAB requirements, including being painted white, having ladders racks, and having affixed to them large-format decals with WOW's logo.  Technicians are charged for the decals.

22.     On information and belief, GAB supervisors can, and do, terminate "independent contractors" when GAB is not pleased with the manner in which their services are performed.

23.     On information and belief, when a cable company that uses GAB to provide services to its customers is unhappy with the performance of a GAB technician, it may communicate this to GAB.  However, GAB—and not the cable company—makes the decision of whether to fire the technician or to move the technician to perform work orders for other cable companies that use GAB's services.

24.     The cable installation technicians, including the named Plaintiffs, regularly work more than 40 hours a week while providing services for the Defendants.  However, the technicians are never provided with time and one-half their regular rate of pay for hours worked greater than forty (40) in a week.

25.     The cable installation technicians are responsible for various expenses which are in actuality expenses which should be borne by the Defendants as the cost of doing business (e.g. expenses incurred renting from Defendant vehicles which are used to provide services for the Defendant, refueling those vehicles, and purchasing the tools used to perform cable/internet/telephone installation).

26.     The cable installation technicians did not require specialized knowledge before starting work for GAB.

27.     The vehicles used by these "independent contractors" in performing services for the Defendants all weigh less than 10,000 pounds.

28.     On information and belief, Defendant GAB follows the practice, described above, of contracting out telecommunications installation services to companies and individuals throughout the state of Michigan, and then controlling the manner in which these services are performed, throughout Michigan.

29.     In addition, Defendant GAB regularly charges up to the full value of the service from its "independent contractors" for minor errors that do not represent a cost to GAB commensurate with the charge to the installers.

30.     Any supposed error by an installer that was found by a quality control person led to a "back charge" of up to the full amount earned for an installation job.  An installer could

spend more than two hours on an installation, and if a minor error was found, the installer would be charged back the full pay for the job.

31.     These back charges occurred even where the supposed errors had no effect on the services received by the eventual customer.  Therefore, even where the customer was receiving satisfactory service and signal, GAB still took money out of the paycheck of the installer.

32.     As a result of these back charges, Plaintiffs were deprived regular compensation for a job they performed and denied the reasonable value of performing a job.

33.     Furthermore, the installers had no ability to contest the back charges.

34.     Until early 2011, Defendant would also charge a $50 administrative fee in combination with any back charge that it assessed.

35.      GAB would also assess back charges for violations of company policy, including failures to satisfy a quota of customer surveys as well as for damage to any customer's property, including where the installer wanted to submit the claim to insurance.

### COUNT I
### (Violation of Fair Labor Standards Act (FLSA))

The Defendant's knowing and willful failure to properly pay time-and-a-half for hours worked more than forty (40) in a week to individuals performing telecommunications installation services based on their misclassification as "independent contractors" violates the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq*.

### COUNT II
### (Unjust Enrichment/Quantum Meruit)

The Defendant's conduct, as set forth above, in reaping unfair benefit through applying back charges render them liable under the common law doctrines of unjust enrichment/quantum meruit, pursuant to the common law of Michigan.

7

## JURY DEMAND

Plaintiffs request a trial by jury on their claims.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1.      Permission for individuals throughout the state of Michigan, who have performed telecommunications installation services for GAB in the past three years, are classified as independent contractors, and have not been paid overtime for hours greater than forty (40) worked in a week, to opt-in to this action, pursuant to § 216(b) of the FLSA;

2.      The certification of a class of all GAB employees who had payment deducted from their paychecks as "back charges" in the past six years for alleged deficiencies in installation services or other perceived violations of GAB policies.

3.      All damages to which the named plaintiff and class members may be entitled;

4.      Liquidated and multiple damages as allowed by law, including double damages for the FLSA claim;

5.      An injunction ordering Defendant to cease their violations of the law as described here,

6.      Attorneys' fees and costs; and

7.      Any other relief to which the plaintiffs may be entitled.

Respectfully submitted,
ROBERT SWINNEY, LESLEY WARDELL,
and all others similarly situated,

By their attorneys,

Harold L. Lichten, (Mass. BBO #549689)
Shannon Liss-Riordan, (Mass. BBO #640716)
Claret Vargas, (Mass. BBO #679565)
LICHTEN & LISS-RIORDAN, P.C.
100 CAMBRIDGE STREET, 20TH FLOOR
Boston, MA 02114
(617) 994–5800

and

(continued on next page)

<u>/s/Edward A. Macey</u>
David M. Blanchard (P67190)
Edward A. Macey (P72939)
Attorney for Plaintiff
101 N. Main Street, Suite 555
Ann Arbor, Michigan 48104
(734) 663-7550
dblanchard@nachtlaw.com
emacey@nachtlaw.com

Dated: September 14, 2012