UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE LEE,
DESHON TAYLOR, and all
other similarly situated,

        Plaintiffs,

vs.

Case No.12-cv-14104
HON. GERSHWIN A. DRAIN

GAB TELECOM, INC.,

        Defendant.

_____/

OPINION AND ORDER GRANTING
PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE
[#15]

I. INTRODUCTION

      This lawsuit arises out of Plaintiffs' claim that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") by misclassifying them as "independent contractors" rather than full-time employees and that they are entitled to overtime pay because of this misclassification. This claim is currently before the Court on Plaintiffs' Motion for Conditional Certification and Judicial Notice. For the reasons stated below, the Plaintiffs' Motion is GRANTED. This Opinion and Order sets forth the Court's ruling.

## II.  FACTUAL BACKGROUND

On September 14, 2012, Plaintiffs filed the present Complaint alleging that Defendant violated section 207(a) of the FLSA by not paying Plaintiffs time-and-a-half when they worked more than forty hours a week.  Presently, the named Plaintiffs in this action include Mr. Horace Lee, Mr. Deshon Taylor, Mr. Terris Walker, and Mr. Dexter Johnson.  Both plaintiffs and the putative class members were employed as cable installation technicians by Defendant.  Plaintiffs allege that Defendant engaged in a singular, common policy and practice of violating FLSA by misclassifying Plaintiffs as independent contractors and not paying them time-and-a-half for hours worked in excess of forty hours a week.

Plaintiffs were hired as cable installation technicians by Defendant GAB Telecom in 2008 and worked out of Defendant's main office in Madison Heights, Michigan as of 2009.  Defendant provides installation, repair, maintenance and disconnection services of cable TV, internet and telephone customers of WOW!.  *See* Lee Aff. Ex. C, at 1-2; Walker Aff. Ex. D, at 1-2.  Technicians, such as Plaintiffs, were hired to provide these services to customers.  Defendant paid technicians on a per-job-basis, meaning that they received the same compensation for a completed job regardless of the number of hours they worked.  *See* Taylor Aff. Ex. B, at 3.  Initially, technicians were labeled as independent contractors, but were reclassified as employees by Defendant as of July 2012.  Compl. ¶¶ 10-12; Walker Aff. Ex. D, at 6.

Plaintiffs allege that other technicians employed by Defendant also frequently worked in excess of forty hours a week without receiving overtime pay.  Plaintiffs claim to have acquired personal knowledge of Defendant's treatment of other technicians by: (1)

observing other technicians' assignments, (2) speaking with other technicians about the amount of hours they worked, (3) attending staff meetings where GAB's owner Mr. Mike Dyer and manager Mr. Matt Bradley discussed compensation for technicians in general terms and (4) observing other technicians' billing statements. *See* Walker Supplemental Aff. Ex. B, at 2; Lee Supplemental Aff. Ex. C, at 1; Taylor Supplemental Aff. Ex. D, at 2. Plaintiffs estimate that the putative class could include as many as 200 technicians employed by Defendant during the statutory period.

On December 14, 2012, Plaintiffs filed a Motion for Conditional Certification and Judicial Notice so that they may provide notice to putative class members of their eligibility to opt-in to the lawsuit. For the reasons stated below, Plaintiffs' Motion is GRANTED.

### III. ANALYSIS

#### A. Standard of Review

Section 207(a) of the FLSA requires employers to pay time-and-a-half for employee labor in excess of forty hours per week. *See* 29 U.S.C. § 207(a). Employees can sue on their own behalf and for "similarly situated" persons. *Id.* at § 216(b). There are two requirements for a collection action: (1) the plaintiffs must be "similarly situated," and (2) all plaintiffs must file written consent to participate in the action. *Id.* In determining whether to certify a collective action or to authorize notice to potential opt-in plaintiffs, many courts utilize a two-stage certification process to determine whether opt-in plaintiffs and lead plaintiffs are similarly situated. *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 583 (6th Cir. 2009).

During this initial stage, courts employ a "fairly lenient standard for determining whether the plaintiffs are similarly situated, based solely on the pleadings and affidavits that have been filed." *Pacheco v. Boar's Head Provisions Co., Inc.*, 671 F. Supp. 2d 957, 959 (W.D. Mich. 2009); *see also Harris v. FFE Transportation Services, Inc.*, No. 3:05-cv-007-P, 2006 U.S. Dist. LEXIS 51437, *7 (N.D. Tex. May 15, 2006) ("At the initial stage, a court ordinarily possesses 'minimal evidence' and is thus instructed to apply a lenient standard in determining whether to conditionally certify." At this stage, which occurs at the beginning of discovery, the plaintiff must show that "his position is similar, but not identical, to the positions held by the putative class members." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546-47 (6th Cir. 2006). If the court grants collective action certification at this stage, "the certification is conditional and by no means final." *Id.* at 546.

"At the second stage, following discovery, trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated." *Id.* at 547. Using the more rigorous standard at the second stage, "district courts have based their final-certification decisions on a variety of factors, including the 'factual and employment settings of the individual plaintiffs, the different defenses to which the plaintiffs may be subject on an individual basis, and the degree of fairness and procedural impact of certifying the action as a collective action.'" *O'Brien*, 575 F.3d at 584; *Harris*, U.S. Dist. LEXIS 51437, at *7 ("[W]here the parties have had the opportunity to conduct discovery on the issue of certification, the similarly situated inquiry is more stringent. Courts generally consider the evidence submitted and the two-step inquiry collapses into one.").

### B. Plaintiff's Motion for Conditional Certification and Judicial Notice

Since this case is at the "notice" stage, the question of certification is subject to a more lenient standard based on pleadings and affidavits. The bulk of Plaintiffs' evidentiary support consists of the affidavits and supplemental affidavits of three former technicians that are named Plaintiffs in this action. The affidavits allege that Plaintiffs shared the following characteristics with the putative class: (1) working exclusively for Defendant as cable installation technicians, (2) being paid a flat rate for each installation completed, (3) misclassified as independent contractors and (4) working over forty hours a week without being paid overtime.

Defendant argues that even subject to a lenient factual standard, Plaintiffs failed to meet their burden for conditional certification because their affidavits amount to nothing more than conclusory allegations. Specifically, Plaintiffs have failed to allege that they: (1) worked with other independent contractors throughout the day, (2) had first-hand knowledge of the manner of compensation of other independent contractors, and (3) observed other independent contractors work over forty hours a week. Defendant points to two cases with very similar factual situations where plaintiffs' evidence was found insufficient for conditional certification. *See Swinney v. Amcomm Telecommunications, Inc.*, 12-12925, 2013 WL 28063 (E.D. Mich. Jan. 2, 2013); *Arrington v. Michigan Bell Tel. Co.*, 10-10975, 2011 WL 3319691 (E.D. Mich. Aug. 1, 2011). Like in these cases, Defendant claims that Plaintiffs have not provided sufficient evidence that putative class members were subject to the same practices complained of by Plaintiffs.

Unlike in *Swinney* and *Arrington*, Plaintiffs have alleged personal knowledge of the characteristics shared with the putative class. For example, in his supplemental affidavit

Mr. Walker provided a plausible account for how he acquired personal knowledge that other technicians worked more than forty hours a week. He stated that all technicians were required to report to Defendant's headquarters between 7:00 and 7:45 in the morning to receive their route assignments for the day. Since the assignments were placed in the open on a table, Mr. Walker was able to verify that the other technicians "were regularly assigned jobs stretching from 8:00 am until 8:00 pm." Walker Supplemental Aff. Ex. B, at 2. Additionally, Mr. Walker claims to have engaged in conversations with approximately 30 fellow technicians during this morning period and throughout the day about their job assignments and how much they were working. *Id.* Based on these observations, Mr. Walker concluded that all fellow technicians he knew worked overtime, with the exception of new employees who were "eased in until they got up to speed." *Id.*

Plaintiffs supplemental affidavits similarly support the assertion that other technicians were not paid overtime when they worked more than forty hours a week. In his supplemental affidavit, Mr. Lee claims he was told by Mr. Dyer and Mr. Bradley that installers could only join the company as a contractor. *See* Lee Supplemental Aff. Ex. C, at 1. Mr. Lee further alleges that he was familiar with the way all installation technicians were compensated because Mr. Bradley discussed technician compensation generally at weekly meetings attended by all installers. *Id.* at 2. Mr. Taylor also claims that compensation was discussed at meetings with other technicians and adds that he observed the billing paperwork of other technicians that had the same billing codes that he used. *See* Taylor Supplemental Aff. Ex. D, at 2.

At this early stage of litigation, where a minimal amount of discovery has taken place, these allegations provide a sufficient basis to conclude other technicians were

similarly situated to the Plaintiffs. Conditional certification requires merely a showing based on the pleadings and affidavits that Plaintiffs are in a similar situation with the putative class. The affidavits provided by Plaintiffs, their supplemental affidavits in particular, have met that lower bar. It must be remembered that, "certification is conditional and by no means final." *Comer*, 454 F.3d at 546. Once the parties have had the opportunity to engage in further discovery class certification will be re-examined under the rigor of the second stage analysis.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Conditional Certification and Judicial Notice [#15] is GRANTED.

SO ORDERED.

Dated: April 16, 2013              /s/Gershwin A Drain
                                    GERSHWIN A. DRAIN
                                    United States District Court Judge