UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE LEE,
DESHON TAYLOR, and all
other similarly situated,

Case No. 12-cv-14104

                Plaintiffs,

Honorable Gershwin A. Drain

v.

GAB TELECOM, INC.,

                Defendant.

_____/

**ORDER GRANTING PLAINTIFFS' MOTION FOR SUPPLEMENTAL CLASS NOTICE [#35], DENYING PLAINTIFFS' MOTION FOR SANCTIONS [#35], DENYING DEFENDANT'S COUNTER-MOTION TO PROHIBIT OPT-INS FROM JOINING CASE [#39], DENYING DEFENDANT'S MOTION FOR REMOVAL OF INTERNET OR OTHER POSTINGS [#39], GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL RESPONSES [#39], FINDING DEFENDANT'S MOTION TO EXTEND DISCOVERY MOOT [#39], FINDING DEFENDANT'S MOTION TO QUASH AND LIMIT DISCOVERY MOOT [#39], AND FINDING PLAINTIFFS' MOTION TO PERMIT LATE-FILED OPT-IN NOTICES MOOT [#45]**

**I.     INTRODUCTION**

Plaintiffs filed the instant action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") claiming that Defendant, GAB Telecom, Inc., violated the FLSA by classifying Plaintiffs as exempt under the Act in order to deny Plaintiffs the statutory overtime wages required by the FLSA. Defendant maintains that the overtime provisions of the FLSA do not apply to Plaintiffs because they were employed as independent contractors rather than hourly employees and are exempt from the overtime requirements.

Presently before the Court are Plaintiffs' Motion for Supplemental Class Notice and for Sanctions, filed on June 19, 2013, Plaintiffs' Motion to Permit Late-Filed Opt-in Notices filed on July 15, 2013 and Defendant's Motion to Prohibit Opt-ins from Joining Case, to Remove Internet

and Other Postings, to Compel Responses, to Extend Discovery, and to Quash and Limit Discovery, filed on June 27, 2013. For the reasons that follow, the Court GRANTS Plaintiffs' Motion for Supplemental Class Notice, DENIES Plaintiffs' Motion for Sanctions, Defendant's Motion to Prohibit Opt-ins from Joining Case, and Defendant's Motion to Remove Internet and Other Postings, GRANTS IN PART AND DENIES IN PART Defendant's Motion to Compel Responses, and finds Defendant's Motion to Extend Discovery, Defendant's Motion to Quash and Limit Discovery, and Plaintiffs' Motion to Permit Late-Filed Opt-in Notices MOOT.

## II.  PROCEDURAL AND FACTUAL HISTORY

Plaintiffs are a group of cable installers who worked for Defendant, GAB Telecom, Inc. and were classified as independent contractors. Plaintiffs filed this action on September 14, 2012 and requested class certification. On April 16, 2013, this Court granted conditional certification to the Plaintiffs and allowed for an opt-in period where others who are similarly situated may join the action. After the order granting conditional certification, but before the opt-in period was to begin, Plaintiffs' counsel advertised the case on their website to identify potential opt-ins. During the opt-in period, Defendant served opt-in Plaintiffs directly with written discovery.

Plaintiffs filed the present Motion on June 19, 2013, alleging that Defendant's service of written discovery directly to opt-in Plaintiffs was a violation of Michigan ethics rules. Plaintiffs also requested additional notice be sent to potential opt-ins and more time be allowed for opt-ins to join the suit. Defendant asserts that it was unaware that the lead counsel was representing the opt-ins, and thus there was no violation of the Michigan ethics rules. Defendant also filed the present counter-Motion on June 27, 2013, alleging that the postings on Plaintiffs' counsel's website were an improper solicitation outside of the opt-in time period and that Plaintiffs did not sufficiently answer its discovery requests. Defendant requests that the opt-in Plaintiffs be

excluded from the suit and the postings be removed from the website. Additionally, Defendant requests that Plaintiffs be compelled to answer its discovery requests and asks for an extension of the discovery deadline. Finally, if the Court limits Defendant's discovery from the opt-in Plaintiffs to a representative sample, Defendant asks that Plaintiffs' discovery requests be quashed and limited.

### III.  ANALYSIS

#### A.  Plaintiffs' Motion for Supplemental Class Notice and for Sanctions

Plaintiffs request that the Court authorize a second judicial notice clarifying the right to opt in to the case and request an additional thirty days during which potential plaintiffs may opt into the suit. Plaintiffs contend that by sending the interrogatories directly to the opt-in class members instead of to their counsel, Defendant acted in a way that deterred potential opt-ins from entering the lawsuit. Defendant asserts that it was unaware that the lead counsel was representing the opt-in parties, as lead counsel for Plaintiffs had not filed an appearance for those opt-ins.

Michigan Rules of Professional Conduct 4.2 provides that a party may not "communicate about the subject of the representation with a party whom the lawyer knows to be represented in the matter by another lawyer, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." Moreover, in collective action suits, plaintiffs' counsel generally represents opt-in participants. *Fisher v. Mich. Bell Tel. Co.*, 665 F. Supp. 2d 819, 829 (E.D. Mich. 2009). Defendant should have known that Plaintiffs' counsel was representing the opt-in Plaintiffs, thus the interrogatories were improperly served.

Because Defendant improperly served interrogatories directly on the opt-in participants, the Court finds that the interrogatories may have had a chilling effect on potential opt-ins. This

concern is heightened by the nature of the interrogatories themselves, which included questions requiring legal conclusions that would be impossible for a lay person to answer.[1] Many of these questions also referenced specific portions of the complaint, which opt-ins could not access.

Because of the potential chilling effect these interrogatories may have had on potential opt-in participants, the Court finds that an additional time for opt-ins to join the suit is appropriate. The opt-in period will be extended until the end of discovery on August 19, 2013. This will give Plaintiffs' counsel time to contact potential participants and reassure them that they will be represented. Therefore, the Court grants Plaintiff's Motion for Supplemental Class Notice.

Plaintiffs also request that the Court quash the interrogatories sent to the opt-in participants and that the Court limit the scope of discovery to twenty percent of the Plaintiffs via a representative sample. The Court has broad discretion to limit the scope of discovery if it is "unreasonably cumulative or duplicative" or if "the burden or expense of proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(2)(C).

While the Court agrees that the interrogatories should be quashed because of the improper service, there is not a compelling reason to restrict discovery as Plaintiffs have suggested. As there are less than fifty Plaintiffs thus far in the suit, allowing discovery for each opt-in will not unnecessarily increase the cost of litigation. Plaintiffs point to a few cases where discovery was limited in class action suits to a representative sample of the plaintiffs. However, each of these cases had a substantially higher number of class members. *See Gentrup v. Renovo Svc., LLC*, 2010 U.S. Dist. Lexis 143203 (S.D. Ohio Aug. 17, 2010) (limiting discovery of over

---

[1] Many of the questions are modeled like this one: "Admit that Plaintiffs are without facts, witnesses or exhibits to substantiate their claims in paragraph 13 of the Statement of Facts of the complaint." *See* Dkt. No. 35 Ex. A, 8.

200 plaintiffs); *Cranney v. Carriage Services, Inc.*, 2008 U.S. Dist. Lexis 113606 (D. Nev. 2008) (limiting scope of discovery to ten percent of the nearly 300 opt-ins); *McGrath v. City of Philadelphia*, 1994 U.S. Dist. Lexis 1495 (E.D. Pa. 1994) (limiting scope of discovery regarding over 4100 opt-in plaintiffs). In the present case, there are fewer than fifty Plaintiffs total. At this point in time, there is no need to limit individualized discovery. However, as the opt-in period will be extended until August 19 following supplemental notice, the Court is willing to hear this issue again at the close of that period.

Finally, Plaintiffs argue that the Court should sanction Defendant for violating the Michigan Rules of Professional Conduct. However, correspondence between the two parties shows that there may have been some confusion as to whether lead Plaintiffs' counsel was representing the opt-in participants. Therefore, while the interrogatories will be quashed, the Court will not sanction Defendant for this action. Plaintiffs' Motion for Sanctions is denied.

**B.     Defendant's Motion to Prohibit Opt-ins from Joining Case and for Removal of Postings**

Defendant argues that the opt-in Plaintiffs should not be allowed to participate in the lawsuit because lead Plaintiffs' counsel improperly solicited potential class members on their website prior to the allotted time period. Plaintiffs' counsel posted on their website that they would be looking for people to opt-in to the lawsuit after the conditional class certification was granted but before their allotted solicitation period. Additionally, Defendant argues that the postings should be removed to avoid prejudice against Defendant by allowing more opt-ins into the lawsuit.

While solicitation outside of the allotted time period is improper under the Michigan Rules of Professional Conduct, the State Bar of Michigan Standing Committee on Professional

and Judicial Ethics ruled that posting on one's own website is not solicitation under Michigan Rules of Professional Conduct 7.3. MI Eth. Op. RI-276 (Mich. Prof. Jud. Eth.), 1996 WL 909975. The Committee held that since postings on one's own website are not targeted to individuals and cannot be accessed without voluntarily visiting the firm's website, Rule 7.3 is not violated. *Id.* Because the post in question was on Plaintiffs' counsel's own website, there was no improper solicitation. Thus, the Court sees no need to either order the removal of the postings in question or to prohibit the opt-in participants from joining the conditional class. Therefore, both Motions are denied.

**C.    Defendant's Motion to Compel Responses to Discovery from Lead Plaintiffs and Opt-ins.**

Defendant next argues that Plaintiffs have not completely and accurately answered its exhaustive and wide-reaching interrogatory, alleging, inter alia, that Plaintiffs have not provided a calculation for damages thus far. Plaintiffs contend that many of the questions were not discoverable; however, they have answered the questions to the best of their ability, and much of the information that Defendant is trying to obtain is in documentation that Defendant already has in its possession. Moreover, most, if not all of the opt-ins have not answered the interrogatory served on them individually. Since the Court has already decided that the interrogatories were improperly served onto the opt-in participants directly and should be quashed, Defendant's Motion is denied with respect to the opt-in Plaintiffs.

The Federal Rules of Civil Procedure allows for a broad scope of discovery. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Rule 26(b)(1) allows parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense…

if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

After careful examination of the interrogatory and lead Plaintiffs' responses, the Court has decided that most of the answers were satisfactorily answered by lead Plaintiffs. Defendant claims that Plaintiffs failed to sufficiently answer numerous questions requiring Plaintiffs to identify specific witnesses and "produce factual support" for numerous assertions. For each of these questions, Plaintiffs provide potential witnesses and state that they have given Defendant all of the documents under their control. Moreover, Plaintiffs have provided Defendant with a witness list. The Court finds that these responses are sufficient.

Two of Defendant's requests are granted. Pursuant to Rule 26(a)(1)(A)(iii), Plaintiffs are required to disclose a damages calculation. FED. R. CIV. P. 26(a)(1)(iii). Additionally, in a January 25, 2013 Scheduling Order, the Court required witness lists be filed by June 7, 2013, so Plaintiffs must produce a list of expert witnesses if not produced already. Therefore, Plaintiffs must provide Defendant with a calculation of damages and a witness list no later than two weeks from the issue of this order.

For the reasons above, the Court grants in part and denies in part Defendant's Motion to Compel Responses.

## D.     Defendant's Motion to Extend Discovery and to Quash and Limit Discovery by Opt-in Plaintiffs

Defendant lastly requests that the Court grant Defendant only additional time for discovery because of Plaintiffs' evasive responses to its discovery requests. Without going into the merits of this Motion, the Court finds this request moot as it has already extended the discovery deadline to August 19.

Defendant also requests that the Court quash discovery requests and limit discovery by opt-in Plaintiffs if the Court limited Defendant's individualized discovery of those Plaintiffs. Because the Court did not limit Defendant's discovery, the Court finds this Motion moot.

**D.    Plaintiffs Motion to Permit Late-Filed Opt-in Notices**

Finally, Plaintiffs' Motion to Permit Late-Filed Opt-in Notices is moot as this Order will extend the opt-in period to August 19.

**IV.    CONCLUSION**

For the reasons set forth above, the Court GRANTS Plaintiffs' Motion for Supplemental Class Notice [#35], DENIES Plaintiffs' Motion for Sanctions and Defendant's Motions to Prohibit Opt-ins from Participating and for Removal of Postings [#39], GRANTS IN PART AND DENIES IN PART Defendant's Motion to Compel Responses [#39], and finds Defendant's Motion to Extend Discovery and to Quash and Limit Discovery [#39] and Plaintiff's Motion to Permit Late-Filed Opt-in Notices [#45] MOOT.

SO ORDERED.

Dated: August 8, 2013

/s/ Gershwin A. Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE